IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| RICKY REESE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-18-744-D |
|  | ) |  |
| ERIKA DENTON,[1] *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued March 13, 2019, by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon initial screening of the Amended Complaint, Judge Erwin finds that it should be summarily dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A(b)(1). Judge Erwin recommends a dismissal without prejudice to a future filing of a habeas action under 28 U.S.C. § 2254, but a dismissal with prejudice to refiling a civil rights action under 42 U.S.C. § 1983.[2] Judge Erwin also recommends that the dismissal of Plaintiff's § 1983 claims count as a "prior occasion" or strike under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).

---

[1] The Court adopts the caption used by the magistrate judge, substituting the first-named defendant in the Amended Complaint for the defendant named in the original Complaint, which was dismissed. *See* 11/7/18 Order [Doc. No. 16].

[2] Judge Erwin finds the dismissal with prejudice is warranted because further amendment would be futile. *See* R & R at 7.

Plaintiff, who appears *pro se*, has filed a timely Objection [Doc. No. 20]. Liberally construed, the Court understands that Plaintiff challenges only Judge Erwin's findings as to the sufficiency of the Amended Complaint to state a § 1983 claim. Specifically, Plaintiff challenges Judge Erwin's conclusions that: 1) Defendant Johnnie O'Neal, an attorney in the Tulsa County Public Defender's office, was not acting under color of state law; and 2) Plaintiff has no liberty interest in parole protected by the Due Process Clause, and so fails to state a claim against Defendant Erika Denton (or any potential defendant from the Oklahoma Pardon and Parole Board) based on his consideration for parole. The Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).[3]

Upon *de novo* consideration of the issue of whether the Amended Complaint alleges state action by Defendant O'Neal, the Court concurs in Judge Erwin's analysis. Plaintiff claims that Mr. O'Neal fired the attorney originally assigned to Plaintiff's criminal case, replaced the attorney by assigning himself (Mr. O'Neal) and another attorney to represent Plaintiff, and then failed to properly defend the case. *See* Am. Compl. [Doc. No. 18] at 3, Count I. Plaintiff seeks to distinguish his allegations from those concerning performance of "a lawyer's traditional functions" – which do not constitute state action under *Polk County v. Dodson*, 454 U.S. 312 (1981) – by emphasizing that his claim also concerns

---

[3] Plaintiff has waived further review of all other issues addressed in Judge Erwin's Report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Mr. O'Neal's action, as a supervisor, of firing Plaintiff's assigned attorney and "us[ing] his authority to deprive [Plaintiff] of effective counsel." *See* Obj'n at 1.

Plaintiff is correct that "the determination whether a public defender is a state actor for a particular purpose depends on the nature and context of the function he is performing." *See Georgia v. McCollum*, 505 U.S. 42, 54 (1992). The Court left open the question in *Polk County* of whether a public defender "would act under color of state law while performing certain administrative and possibly investigative functions." *Polk County*, 454 U.S. at 325. For example, the Court later held in a case brought by terminated county employees "that a public defender, in making personnel decisions on behalf of the State, is a state actor who must comply with constitutional requirements." *McCollum*, 505 U.S. at 54 (citing *Branti v. Finkel*, 445 U.S. 507 (1980)).

In this case, however, the only possible basis for Plaintiff to assert a § 1983 claim against Mr. O'Neal is his conduct in Plaintiff's criminal case, not a personnel matter. "Plaintiffs alleging a violation of § 1983 must demonstrate they have been deprived of a right secured by the Constitution and the laws of the United States, and that the defendants deprived them of this right acting under color of law." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (footnote omitted). The only constitutional right of which Mr. O'Neal allegedly deprived Plaintiff was his right to competent counsel in the defense of his criminal case. Mr. O'Neal's staffing and strategy decisions with respect to Plaintiff's criminal case fall squarely within the traditional functions of a public defender that do not constitute state action under the holding of *Polk County*. *See Briscoe v. LaHue*, 460 U.S.

3

325, 329 n.6 (1983) ("even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983") (citations omitted). Accordingly, Plaintiff fails to allege that Mr. O'Neal was a state actor for purposes of a § 1983 claim against him.[4]

Further, upon *de novo* consideration of the issue of whether the Amended Complaint alleges a violation of the Due Process Clause, the Court fully concurs in Judge Erwin's analysis. Judge Erwin finds that Oklahoma's statutory scheme for parole consideration does not create a liberty interest. *See* R & R at 6 (quoting *Shirley v. Chestnut*, 603 F.2d 805 (10th Cir. 1979)). Plaintiff attempts to distinguish this authority by asserting that "the Tenth Circuit did not consider Article VI § 10 of the Oklahoma Constitution in deciding *Shirley*." *See* Obj'n at 1.

The law is clear, however, that unless a prisoner has an expectation of parole under a law that sufficiently limits the parole board's exercise of discretion, the prisoner has no

---

[4] In any event, any § 1983 claim that Plaintiff might assert against Mr. O'Neal is clearly time barred. The Amended Complaint refers to conduct in 1990. Publicly available state court records, which are proper for consideration in judging the sufficiency of a pleading, reflect the first-degree murder conviction of which Plaintiff complains occurred in 1991. *See State v. Reese*, No. CF-1990-2221 (Tulsa Cty., Okla. May 21, 1991) (sentence imposed), available at http://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CF-1990-2221. A 2016 order denying Plaintiff's most recent application for post-conviction relief recites the procedural history of the case. *Id.*, Order Den. Petr's 4th Appl. Post-Conviction Relief (Tulsa Cty., Okla. Aug. 30, 2016). Plaintiff articulates no plausible basis for suing Mr. O'Neal now based on conduct that occurred almost 30 years ago.

liberty interest protected by the Due Process Clause. *See Boutwell v. Keating*, 399 F.3d 1203, 1212-13 (10th Cir. 2005); *see also Jago v. Van Curen*, 454 U.S. 14, 20-21 (1981). "[T]he mere existence of a power to commute a lawfully imposed sentence, and the granting of commutations to many petitioners, create no right or 'entitlement.'" *See Conn. Bd. of Pardons v. Dumschat*, 425 U.S. 458, 467 (1981). Plaintiff relies solely on a provision of the Oklahoma Constitution that does not limit the Oklahoma Pardon and Parole Board's exercise of discretion and so does not create a protected liberty interest.[5] Therefore, Plaintiff's Objection regarding Counts II and III of the Amended Complaint lacks merit.

For these reasons, the Court finds that Judge Erwin's findings and recommendations should be adopted in their entirety.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 19] is ADOPTED. The Amended Complaint is DISMISSED without prejudice to a future habeas action but with prejudice to refiling a civil rights action against Defendants. A separate judgment of dismissal shall be entered. The dismissal shall be counted as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g).

---

[5] Plaintiff quotes a provision that states: "It shall be the duty of the Board to make an impartial investigation and study of the applicants for commutations, pardons or paroles, and by a majority vote make its recommendations to the Governor of all deemed worthy of clemency." *See* Okla. Const. art. VI, § 10; *see also* Obj'n at 2.

5

**IT IS SO ORDERED** this 12th day of April, 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE